867 F.2d 611
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Jessie R. BIRMINGHAM, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 88-1554.
 United States Court of Appeals, Sixth Circuit.
 Feb. 7, 1989.
 
 Before MERRITT and MILBURN, Circuit Judges, and LIVELY, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Plaintiff-appellant Jessie R. Birmingham ("Birmingham") appeals the summary judgment awarded by the district court affirming the decision of the Secretary of Health and Human Services ("Secretary") to deny her application for disability benefits. For the reasons that follow, we affirm.
 
 
 2
 We note first the controversy in this case as to whether Birmingham applied for supplemental security income ("SSI") as well as disability benefits. She filed two application forms for disability benefits on July 29, 1986. The applications were made on identical forms; the significant difference between the two is that each is only partially completed. Birmingham left several lines on her first application form blank. These were filled in with information in the second application which was marked "supplemental" in handwriting on the front page. Because these are the only applications Birmingham ever filed with the Social Security Administration, and because she neither raised an SSI issue below nor fully argues one here, we agree with the Secretary that the only issues properly preserved for appellate review pertain to her application for disability benefits.
 
 
 3
 Birmingham was born on June 24, 1925, and was sixty-one years old when she filed for disability benefits. She has a fifth-grade education, and her past relevant work includes that of a floor leader in an automotive cosmetic treatment plant from 1965 to 1979, and as a convenience store cashier from 1980 to 1986. She last worked on May 30, 1986, her alleged onset date. She alleges she became disabled because of chronic liver disease and cirrhosis of the liver in addition to pain, numbness, weakness and shakiness throughout her body, and problems with confusion and memory.
 
 
 4
 Birmingham was admitted to Oakwood Hospital on June 17, 1986, and remained there until July 3, 1986. Upon admission, she was extremely weak and unable to walk. She had a distended abdomen, enlarged liver, and rectal bleeding. She testified she drank between two and four ounces of hard liquor and several beers on a daily basis for many years, until she quit drinking in May 1986. Hospital records indicate Birmingham was found to be an alcoholic with acute upper and lower gastrointestinal bleeding, alcoholic cirrhosis of the liver, and vascular malformation of the cecum.[1]
 
 
 5
 Birmingham was treated by several physicians and a psychiatrist, both during her hospitalization and after. Her treating physicians reported she suffered from several health impairments but responded well to treatment and regained most of her strength. She had a slight memory problem but exhibited normal judgment, was capable of handling her own funds, and was able to take care of her personal needs.
 
 
 6
 Birmingham's application for disability benefits was denied initially and upon reconsideration. At her request, a hearing on her application was held before an Administrative Law Judge ("ALJ") on April 9, 1987. Birmingham was represented by counsel and testified at the hearing. On June 22, 1987, the ALJ issued a decision denying Birmingham's claim for disability benefits. He found she had severe health problems, but her impairments did not meet or exceed the Secretary's listings of disabilities. In addition, he found she retained the residual functional capacity to perform her past relevant work. The Appeals Council affirmed the ALJ's decision on October 2, 1987.
 
 
 7
 On November 18, 1987, Birmingham filed an action in the district court, seeking judicial review of her application. On April 19, 1988, the magistrate recommended the Secretary's decision be affirmed. Like the ALJ, the magistrate concluded that Birmingham was not disabled and, instead, retained the residual functional capacity to return to her past relevant work. On May 2, 1988, the district court granted summary judgment affirming the Secretary's decision on the ground that it was supported by substantial evidence.
 
 
 8
 This appeal presents the following questions: (1) whether the ALJ erroneously relied upon what Birmingham alleges is his unqualified psychiatric evaluation of the case; (2) whether the Secretary's decision that Birmingham retained the residual functional capacity to return to her past relevant work is supported by substantial evidence; and (3) whether the Secretary's decision that Birmingham's subjective complaints of pain were insufficient to support a finding of disability is supported by substantial evidence.
 
 
 9
 After careful consideration of the testimony of the witnesses, including Birmingham, her medical records and test results, the briefs filed herein, and the record as a whole, we agree that the Secretary's final decision is supported by substantial evidence. Moreover, given that the ALJ unmistakably indicated he believed Birmingham's impairments to be severe by going ahead and analyzing her residual functional capacity, we find no merit in her argument that he purported to make a psychiatric evaluation of the case and erroneously relied upon it. Accordingly, the judgment of the district court is AFFIRMED.
 
 
 
 [1]
 The cecum is a pouch at the top end of the large intestine. 1 Schmidt, Attorneys' Dictionary of Medicine, C-85 (1986)